Anthony P. RUSSO d/b/a Midwest Financial Network, Plaintiff–Appellant,

v.

Charles W. KELM, et al., Defendants–Respondents.

No. 61123.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 18, 1992.

Jeffrey R. Weisman, Leritz, Reinert & Duree, for plaintiff-appellant.

Joseph J. Becker, Sharon E. Burke, Becker, Dupour, Yarbrough & Berndsen, Clayton, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, Anthony P. Russo d/b/a Midwest Financial Network, appeals from a grant of summary judgment in favor of defendants, Charles and Patricia Kelm. We affirm.

On November 3, 1980, defendants acquired three parcels of land, Parcel 1, Parcel 2 and Parcel 3, by warranty deed, which was recorded on November 6, 1980. Thereafter, defendants received two tax bills each year which they believed represented the taxes due on all of the property. The tax bills, however, did not include Parcel 1 but only included Parcels 2 and 3. As a result, defendants did not pay the tax due on Parcel 1. This resulted in delinquent taxes on the property from 1981 to 1987 totalling $3,104.25.

Due to the non-payment of taxes, the Collector of St. Louis County offered Parcel 1 for sale. On August 25, 1986, the property was sold, at a third sale, to the Director of Revenue as Trustee for St. Louis County (the Trustee). A collector's deed was issued to the Trustee on the same day. The Trustee did not do a title search before receiving the collector's deed. On April 18, 1988, the Trustee sold the property to plaintiff for $500.00 and issued a trustee's deed to plaintiff.

On September 22, 1988, plaintiff filed a petition for ejectment. Defendants filed an answer, counterclaim and third party petition. On August 12, 1991, plaintiff moved for summary judgment. Defendants filed a counter-motion for summary judgment and deposited the sum of $3,500.00 into the registry of the court.

The trial court denied plaintiff's motion for summary judgment and granted summary judgment in favor of defendants. In addition, the trial court ordered that the delinquent taxes be paid to St. Louis County and that plaintiff be reimbursed $500.00, the amount it paid for the property, plus nine percent interest.

■ Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). "Appellate review of an order granting summary judgment is made in light of the entire record construed in a light most favorable to the party against whom summary judgment was entered." *Abbate v. Tortolano*, 782 S.W.2d 810, 811 (Mo.App.1990). An appellate court must sustain the trial court's grant of summary judgment if, as a matter of law, it is sus-

tainable on any ground. *Preston v. Preston*, 823 S.W.2d 48, 49 (Mo.App.1991).

■ On appeal, plaintiff contends that he received good title through the trustee's deed and therefore the trial court erred in granting defendants' motion for summary judgment.

On August 25, 1986, the date the deed was issued to the Trustee, §§ 140.250 and 140.405, RSMo (1986) were in effect.[1] Section 140.250 provided in pertinent part:

1. Whenever any lands have been or shall hereafter be offered for sale for delinquent taxes, interest, penalty and costs by the collector of the proper county for any two successive years and no person shall have bid therefor a sum equal to the delinquent taxes thereon, interest, penalty and costs provided by law, then such county collector shall at the next regular tax sale of lands for delinquent taxes sell same to the highest bidder, and there shall be no period of redemption from such sales.

2. No certificate of purchase shall issue as to such sales, but the purchaser at such sales shall be entitled to the issuance and delivery of a collector's deed *upon completion of title search action as specified in section 140.405.* (emphasis added).

\* \* \* \* \* \*

The statute made it mandatory that a purchaser conduct a title search before receiving a collector's deed. Neither the Trustee nor anyone else performed a title search on behalf of St. Louis County prior to August 25, 1986.

Section 140.405 provided that "[f]ailure of the purchaser to comply with this provision [conducting the title search] shall result in his loss of all interest in said real estate." The Trustee did not comply with the statute and therefore the Trustee has no right, title or interest in the property. Thus, the collector's deed is invalid. Because the Trustee had nothing to convey to plaintiff, the trustee's deed is also invalid.

*Lasswell Land and Lumber Co. v. Langdon*, 204 S.W. 812, 813 (Mo.App.1918).

■ Plaintiff contends that since the term "Trustee" is not specifically mentioned in § 140.405, a general legislative intent exists to exempt trustees from the requirements imposed on a private purchaser. Plaintiff's contention is without merit. Section 140.405 is clear on its face that *"[a]ny person* purchasing property at a delinquent land tax auction" must conduct a title search upon the property. There is no reason to interpret the explicit language of the statute to isolate trustees who purchase property at a delinquent land tax auction from all others who purchase property at a delinquent land tax auction.

Additionally, plaintiff seeks to have the case remanded to the trial court to determine amounts of reimbursement that plaintiff claims are due to him. Plaintiff, however, did not raise the issue of additional amounts of reimbursement to the trial court. Claims not presented to and decided by the trial court may not be considered on appeal for the first time. *Wingo v. Eagle Realty Co.*, 726 S.W.2d 805, 806 (Mo.App. 1987).

In view of our holding, we need not address other points raised on appeal. The judgment of the trial court is affirmed.

PUDLOWSKI and GRIMM, JJ., concur.

---

1. Section 140.405 was amended in 1987 to exempt a purchaser of property at a third offering

from conducting a title search.