**STATE of Missouri, ex rel. Jeremiah W. NIXON, Respondent,**

v.

**Jon Marc TAYLOR, Appellant.**

**No. WD 56788.**

Missouri Court of Appeals, Western District.

Submitted Nov. 3, 1999.

Decided May 2, 2000.

Jon Marc Taylor, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Virginia H. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

Before JAMES M. SMART, Jr., P.J., JOSEPH M. ELLIS and EDWIN H. SMITH, JJ.

JAMES M. SMART, Jr., Judge.

This case involves the issue of whether the application of the Missouri Incarcera-tion Reimbursement Act ("MIRA") to a Missouri prisoner incarcerated prior to the effective date of the act violates provisions related to *ex post facto* laws. Jon Marc Taylor appeals the trial court's judgment ordering that ninety percent of his assets be paid to the State of Missouri pursuant to MIRA.

MIRA authorizes the state to recover reimbursement of the cost of maintaining Taylor in a state prison facility, up to ninety percent of the value of the assets of the inmate. Section 217.833.1, RSMo 1994. MIRA was enacted in 1988 to enable the state to obtain reimbursement from state prisoners for the cost of maintaining them in a state facility. *State ex rel. Nixon v. Turpin,* 994 S.W.2d 53, 55 (Mo.App.1999).

Taylor has been incarcerated in a state prison since 1981. His maximum discharge date is April 1, 2033.

In July 1998, the state filed a petition for incarceration reimbursement pursuant to MIRA. The state claimed reimbursement back to 1993. Taylor fought the claim on the basis that application of MIRA in this case is a violation of the constitutional provisions prohibiting *ex post facto* laws (U.S. Const. Art. I, § 9 and Mo. Const. art. I, § 13) and prohibiting the taking of property without due process of law (U.S. Const. amend. 14 and amend. XIV, and Mo. Const. art. 1 § 10,). Taylor equates MIRA to a fine, a huge fine, considering the fact that Taylor is likely to serve many years in prison. MIRA was not in effect at the time Taylor committed the crimes for which he was originally sentenced, nor was it in effect at the time he was sentenced to three consecutive prison terms.

Taylor lacks authority for his *ex post facto* argument. No Missouri case has previously ruled on this issue. We note that other jurisdictions have rejected the argument concerning the federal *ex post facto* prohibition. *See generally* George L. Blum, Annotation, *Validity, Construction,*

*and Application of State Statute Requiring Inmate to Reimburse Government for Expense of Incarceration,* 13 A.L.R. 5th 872 (1993).

In *Burns v. State,* 303 Ark. 64, 793 S.W.2d 779 (1990), the Supreme Court of Arkansas considered an inmate's claim that the state's suit to recover an inheritance deposited in his account after he had begun serving consecutive sentences was unconstitutional as an *ex post facto* law. Burns was convicted on March 27, 1981. *Id.* That state's version of MIRA became effective several months after Burns was sentenced. *Id.* at 780. In November 1986, he received an inheritance. *Id.* The state filed suit under the Act to recover monies deposited in Burn's prison account. *Id.* Burns alleged, *inter alia,* that the Act was an unconstitutional *ex post facto* law. His argument was much the same as Taylor's argument in this case – that the Act added a new punishment, in the form of a forfeiture, by punishing acts occurring before the law was enacted. The court determined that the application of the law to Burns was not unconstitutional. *Id.* at 781. The court cited *Peeler v. Heckler,* 781 F.2d 649 (8th Cir.1986). In *Peeler,* the United States Court of Appeals considered an inmate's claim that suspension of his Social Security disability benefits while he was incarcerated was an *ex post facto* law. The court stated:

> An *ex post facto* law is one which reaches back in time to punish acts which occurred before enactment of the law. A penal statute may also be an *ex post facto* enactment if it adds a new punishment to the one that was in effect when the crime was committed. *Ex Parte Garland,* 4 Wall. 333, 377, 18 L.Ed. 366 (1866). The appellant contends that § 402(x)(1) as applied to him is such a law, since its sanctions are triggered by the past commission of a felony, and its effect is the forfeiture of a benefit formerly received. However, even if what the appellant says is a true characterization of the statute, we may

not hold that it imposes *ex post facto* penalties unless the law was enacted for a punitive purpose. *Flemming v. Nestor,* 363 U.S. 603, 613–14, 80 S.Ct. 1367, 1374, 4 L.Ed.2d 1435 (1960). If the law in question is focused on the past crime, then it is likely intended as a punishment, while if the focus is upon the benefit from which the person is barred, it is not, even though the impact on the individual may be harsh. *De Veau v. Braisted,* 363 U.S. 144, 160, 80 S.Ct. 1146, 1154, 4 L.Ed.2d 1109 (1960).

*Peeler,* 781 F.2d at 651.

■ MIRA does not focus on Taylor's past crimes, and it was not enacted as additional punishment. Instead, MIRA's focus is on the nonpunitive objective of obtaining reimbursement for the state for its expenditures in caring for its inmates. Accordingly, we conclude Taylor fails to demonstrate that application of MIRA in this case would violate the *ex post facto* law of the Constitution of the United States.

■ The Missouri constitutional provision against *ex post facto* laws is more limited than the more general provision of the United States Constitution. The Missouri Constitution provides:

> That no *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

Article 1, § 13. Just as Taylor lacked authority for his argument concerning the United States Constitution, he also lacks authority for his argument concerning the Missouri Constitution. MIRA was not applied retrospectively to Taylor because the state claims reimbursement only from 1993, five years after MIRA became effective. The state points out that Taylor does not assert that the application of MIRA here impairs a contractual obligation or makes an irrevocable grant of special privileges or immunities. The state according-

ly argued that the constitutional provision has no application in this case. We agree.

■ Taylor fails to separately develop his due process argument beyond the *ex post facto* argument. We find no authority for his due process argument either. Consequently, and for the foregoing reasons, we hold that the trial court order did not violate Taylor's constitutional rights.

### Wages and Bonuses

Taylor also contends that the trial court erred in failing to exempt $2,500.00 of his assets from seizure. Taylor contends that § 217.827(1)(b), which provides the statutory definition of "assets" should have been applied to exempt $2,500.00 of his assets because subparagraph b excludes from the definition of assets "[m]oney saved by the offender from wages and bonuses while in prison." Taylor claims he benefits from this provision because, he says, he has saved more than $2,500.00 "through the vehicle of reinvested (saved) capital gains and appreciation" in his investments.

■ The state points out that Taylor did not raise the issue in the trial court. While we doubt that investment earnings are "wages and bonuses" Taylor earned, we will not address that issue. We will not review a claim of error not presented to the trial court. *Russo v. Kelm,* 835 S.W.2d 568, 570 (Mo.App.1992).

### Ripeness

■ Taylor also concludes that the trial court erred in adjudicating this matter before his conviction became final. Actually, Taylor's conviction is final because his appeals are concluded. Taylor's suggestion that it is "not final" is based on the fact that he has filed a federal habeas corpus petition which has not yet been resolved. Once again, Taylor lacks authority for the proposition that the trial court could not proceed with the MIRA claim under these circumstances. If the pendency of a habeas petition requires the court to delay the resolution of the MIRA claim, then, we suppose, it could be argued that no MIRA claim can be resolved until the prisoner is discharged, because prisoners may file numerous habeas petitions, especially if they assert different grounds. We hold the trial court did not err in ordering a disposition of the funds at issue.

The judgment of the trial court is affirmed.

ELLIS and EDWIN H. SMITH, JJ., concur.