**STATE of Missouri, Respondent,**

v.

**Fuller CHRISTIAN, Appellant.**

**No. WD 64955.**

Missouri Court of Appeals,
Western District.

Dec. 6, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2006.

plant."

Fuller Christian, Mineral Point, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul Harper, Office of Attorney General, Jefferson City, for Respondent.

242

PAUL M. SPINDEN, Presiding Judge.

Fuller Christian appeals the circuit court's judgment finding him liable for the costs of his care while serving his prison sentence pursuant to Sections 217.825–217.841, RSMo 2000 (Incarceration Reimbursement Act). We affirm the circuit court's judgment.

Christian is incarcerated, serving a 50-year sentence for second-degree murder. Christian receives approximately $2000 a year as beneficiary of a trust. The state petitioned the circuit court, requesting that Christian reimburse the state for his care. The circuit court issued an order to Christian to show cause why it should not rule in the state's favor. Christian responded by asserting that application of the reimbursement act to him violated the *ex post facto* clauses of the Missouri and United States constitutions and that he uses the money to satisfy moral and legal obligations to his wife and three children. The circuit court convened a hearing as required by Section 217.835, but, because Christian was incarcerated, he was not permitted to attend. The circuit court entered judgment for the state.

██ In this appeal, Christian argues that a spendthrift provision prevents the trust's assets from being used for reimbursement purposes under the reimbursement act.[1] Section 217.833 authorizes the state to seek up to 90 percent of an inmate's assets as reimbursement of the costs incurred in caring for him. Section 217.827(1) defines assets in this context as "property, tangible or intangible, real or personal, belonging to or due an offender or a former offender, including income or payments to such offender from Social Security, workers' compensation, veterans' compensation, pension benefits, previously earned salary or wages, bonuses, annuities, retirement benefits, or from any other source whatsoever."

██ The trust's spendthrift provision does not aid Christian. "[S]pendthrift trusts prevent the alienation of trust property a beneficiary is entitled to receive only until the beneficiary actually receives the property or the beneficiary's right to receive the property accrues." *State ex rel. Nixon v. Turpin*, 994 S.W.2d 53, 59 (Mo.App.1999). After the trustee, in exercise of his or her discretion, determines that money is due to the beneficiary, the money becomes property "belonging to" or "due" the beneficiary under Section 217.827(1)(a). *Id.* at 58–59. "[A] proposed or actual distribution becomes an asset for purposes of [the reimbursement act]. . . ." *Id.* at 59.

The circuit court's order said:

1. Judgment is entered in favor of the state of Missouri and against the defendant, Fuller L. Christian, . . . in the amount of $72,779.43 for the cost of care incurred for his incarceration[.]

2. The Trustee for the Malissa Fuller Trust shall make all distributions to Fuller Christian, C/O Rodney Kueffer, Inmate Treasurer, Missouri Department of Corrections, . . . for so long as Fuller Christian remain in the custody of the Missouri Department of Corrections.

. . . .

---

1. The trust's spendthrift provision says, "Except as otherwise provided herein, all payments of principle [sic] and income payable, or to become payable, to the beneficiary of any trust created hereunder shall not be subject to anticipation, assignment, pledge, sale or transfer in any manner, nor shall any said beneficiary have the power to anticipate or encumber such interest, nor shall such interest, while in the possession of the Trustee, be liable for, or subject to, the debts, contracts, obligations, liabilities or torts of any beneficiary."

4. Rodney Kueffer, Inmate Treasurer, shall pay [90 percent] of any deposit from the Malissa Fuller Trust into Fuller Christian's Inmate account to plaintiff State of Missouri[.]

Christian misinterprets the circuit court's order to the extent that he describes it as requiring the trust to distribute funds. The circuit court did not order the trust to distribute money to Christian, and it did not characterize undistributed trust assets as assets seizable under the reimbursement act. The circuit court's order simply required that any distributions to Christian be made in the care of the inmate treasurer, and 90 percent of any deposits from the trust to Christian's inmate account must be paid to the state. Thus, the order reaches only property "belonging to" or "due" Christian. *Turpin,* 994 S.W.2d at 58–59. The circuit court did not err in ordering that 90 percent of any distributions from the trust to Christian be directed from his inmate account to the state under the reimbursement act.

█ Christian also raises several constitutional arguments. Aside from an *ex post facto* challenge, Christian did not present these arguments to the circuit court. Constitutional arguments not raised at the first opportunity are waived. *Hatfield v. McCluney,* 893 S.W.2d 822, 829 (Mo. banc 1995). When the circuit court ordered Christian to "show cause why an order should not be entered appropriating and applying [his] assets to reimburse the State," Christian should have presented his varied constitutional arguments. He did not do so and, thus, waived them.

As for Christian's *ex post facto* challenge, Christian does not develop it on appeal or present authority in support of his position. Regardless, we have considered and rejected this argument before. *State ex rel. Nixon v. Taylor,* 25 S.W.3d 566, 568–69 (Mo.App.2000).

█ Christian also argues that his due process rights were violated because, presumably, he was not present at the Section 217.835 hearing. Inmates are specifically excluded from appearing personally in civil cases except under specific circumstances, Section 491.230.2, RSMo 2000, and "due process is not implicated in the absence of a showing that alternative means are inadequate to secure meaningful access to the courts." *State v. Scott,* 933 S.W.2d 884, 886–87 (Mo.App.1996) (footnote omitted). The circuit court's docket sheet indicates that it convened a hearing on November 22, 2004. Although Christian was not allowed to attend, it was his burden to demonstrate that he was denied meaningful access to the courts or that he was "substantially and irreparably prejudiced by his failure to attend." *See* Section 491.230.2. He has not done so. Christian does not indicate that he lacked an adequate alternative to appearing personally in court, and the record does not indicate that Christian presented this issue to the circuit court in a post-trial motion. Christian was not deprived of due process.

Christian further argues that the circuit court erred in not considering his moral and legal obligations to his wife and three minor children. Section 217.835.4 says:

> At the hearing on the complaint and order and before entering any order on behalf of the state against the defendant, the court shall take into consideration any legal obligation of the defendant to support a spouse, minor children, or other dependents and any moral obligation to support dependents to whom the defendant is providing or has in fact provided support.

In his response to the circuit court's show cause order, Christian argued that he used distributions from the trust to support his wife and children, and we find no indica-

tion that the circuit court failed to consider Christian's legal and moral obligations.

Finally, we address Christian's claim that the circuit court lacked subject matter jurisdiction over the trust, which was created in Arkansas. Christian again misconstrues the circuit court's order. It does not purport to assert jurisdiction over the trust or the trustee. Instead, the order reaches Christian's assets, which, as discussed above, include distributions from the trust fund. The circuit court's order does not purport to seize control of the trust's funds before their distribution. The circuit court had jurisdiction to enter its order.

For the foregoing reasons, we affirm the judgment of the circuit court.

VICTOR C. HOWARD and RONALD R. HOLLIGER, Judges, concur.