**GLASGOW ENTERPRISES,
INC., Appellant,**

v.

**Ann KUSHER, et al., Respondents.**

No. ED 88472.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 5, 2007.

Application for Transfer to Supreme Court
Denied July 31, 2007.

Application for Transfer Denied
Sept. 25, 2007.

Charles S. Kramer, Michael P. Wolf, Jennifer L. Geschke, Clayton, MO, for respondents.

Thomas A. Connelly, St. Louis, MO, for appellant.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Glasgow Enterprises, Inc. ("Glasgow") appeals the trial court's grant of Ann Kusher's ("Ann") and the Frieda Kusher Revocable Trust's ("Trust") motion for summary judgment and the denial of its motion for summary judgment. We affirm.

## I. BACKGROUND

The Trust lent money to Ann and Theodore Thomas ("Theodore") in 1998 and received a security interest in their home at 12162 Lake Meade Drive. Ann and Theodore were married at the time. The security interest was evidenced by a deed of trust that was filed with the Recorder of Deeds in St. Louis County. The deed of trust named Philip A. Kaiser as its trustee. The deed of trust also directed that all "tax notices" be sent to "Ann Kusher Thomas and Theodore Thomas" at the Lake Meade address.

Ann and Theodore separated and divorced in 2000. The judgment granted Ann the exclusive right to reside on the property and ordered Theodore to quit claim all his interest in the property to Ann.

Following the refinancing through the Trust, no property taxes were paid on the property. St. Louis County held a tax sale on the property in 2002, and the county's interest was purchased by Glasgow.

Ann claimed to have never received a tax bill or notice of the tax sale until 2004. Frieda Kusher, trustee of the Trust, stated in her affidavit that neither she nor the Trust ever received a tax bill from St. Louis County. A representative of the County claimed that notices of the tax sale were sent in January and June 2002. He testified that the correspondence was sent to the property addressed to "Thomas S. and Ann M. Thomas." The County never sent notice, however, to Ann or Thomas individually or to the Trust.

Two years after the tax sale, Glasgow ordered and received a letter report for the property from a title company. The letter report indicated that Theodore S. Thomas and Ann M. Thomas, as tenants in common, were the grantees in the last recorded deed.

In May 2004, Glasgow sent four notices of its acquisition in the tax sale and the right of redemption to the following entities via certified mail: Philip A. Kaiser, Trustee for Frieda Kusher, 11172 Cricket Hill Dr., St. Louis, MO 63146; Theodore S. & Ann M. Thomas, 12162 Lake Meade Dr., St. Louis, MO 63146; and two to another mortgagee. Kaiser did not live at the address where the first letter was sent; only Frieda Kusher lived there. She signed the return receipt and disposed of the letter unopened after Kaiser told her to do so. The letter sent to Theodore S. & Ann M. Thomas was returned to Glasgow non-delivered.

Three months later, after Glasgow filed an affidavit that it had sent redemption notices to all statutorily required parties, St. Louis County executed a Collector's Deed for Taxes in favor of the company. Ann and Frieda Kusher claim they did not receive notice or copies of the Collector's Deed. A few months later, Glasgow's owner visited Ann at the property and informed her of the purchase. Glasgow then filed an action to quiet title in its

favor. The petition requested an order quieting title to the property and declaring it free of all deeds of trust, mortgages, liens, leases and claims. The Trust and Ann filed a counterclaim alleging that required notice was not sent and requesting, among other things, a declaratory judgment that the deed issued to Glasgow had no effect and that Ann was the fee holder of the property subject to the Trust's interest. The Trust and Ann's counterclaim did not offer to refund Glasgow the money he paid at the tax sale.

The court heard cross-motions for summary judgment from plaintiff Glasgow and defendants Ann and the Trust. The court found that Glasgow was required to send redemption notices to Ann and Theodore individually as owners of the property as tenants in common and to the Trust but had failed to do so. The court denied Glasgow's motion against Ann and the Trust and granted their motion against Glasgow. The court later amended its judgment to dismiss other third-party defendants and ordered Ann and St. Louis County to reimburse Glasgow for money it spent purchasing the property. Glasgow appeals.

## II. DISCUSSION

We review the grant of summary judgment de novo. I.T.T. Commercial Finance Corp. v. Mid–America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 381. We view the evidence in the light most favorable to the party against whom summary judgment was entered. Id. at 376.

1. All statutory references are to RSMo 2000

### A. Failure to Plead Tender Under Section 140.600

In its first and fourth points, Glasgow argues that the trial court erred in granting Ann and the Trust's motion for summary judgment and denying its motion because Ann and the Trust failed to plead, in their counterclaim and motion for summary judgment, tender of the tax amounts that Glasgow paid at the sale. Section 140.600 RSMo 2000 [1] states that no action to set aside a tax sale shall be maintained unless the plaintiff seeking to set it aside offers in its petition to refund the defendant all taxes paid by the defendant. Ann and the Trust respond that the intent of section 140.600 was fulfilled by the court's judgment.

In Greenwich Condominium Ass'n v. Clayton Investment Corp., a party that putatively lost its interest at a tax sale did not expressly plead tender of the tax amounts paid by the purchaser at a tax sale. 918 S.W.2d 410, 415 (Mo.App. E.D. 1996). This Court found that the statute's intent was satisfied, however, by the trial court's judgment awarding reimbursement to the purchaser of "all monies ever paid by it to the City as and for real estate taxes on the property, together with all penalties, attorneys' fees or other money paid to the City, and with the legal rate of interest thereon." Id. We noted that the statute's intent is to protect the purchaser's interest and that the court-ordered refund of money paid sufficiently protected that interest. Id.

Similarly, the court's amended judgment here ordered Ann to pay Glasgow over $11,000, representing the principal and interest on all delinquent taxes paid by it at the tax sale and taxes paid on the property after the sale. The court also ordered St. Louis County to refund Glasgow $10,000,

unless otherwise indicated.

representing the amount paid by it at the tax sale over the amount of delinquent taxes owed. The judgment was consistent with the holding in *Greenwich* and satisfied the intent of section 140.600. The trial court did not err in considering Ann and the Trust's pleadings and motion.

Still, Glasgow argues that under the statute's interpretation in *Hawkins v. Heagerty,* Ann and the Trust are obligated to plead tender.[2] *See Hawkins v. Heagerty,* 348 Mo. 914, 156 S.W.2d 642 (1941). The Court in *Hawkins* stated that "an offer to refund as provided in [section 140.600] is a condition precedent to recovery." *Id.* at 644. In *Hawkins,* however, the Court affirmed the trial court's judgment *not* to set aside the tax sale. *Id.* at 643–44. Necessarily, the Missouri Supreme Court did not have to consider whether the statute's intent was fulfilled by the trial court's judgment. When this Court revisited the issue over fifty years after *Hawkins,* we found that the trial court could satisfy the statute's intent where the party had not.

Point denied.

## B. Adequacy of Notice to Deed of Trust Holder

▆▆▆ In its second point, Glasgow argues that the court erred in finding that it had not sent adequate notice before obtaining a deed to the property. It contends that it satisfied its statutory duty to send notice to the deed of trust holder by sending notice to the parties at the address listed on the deed of trust to receive tax notices. Section 140.405 RSMo Supp. 2006[3] requires a purchaser at a tax sale to notify all deed of trust holders of their right to redeem. Notice to a deed of trust holder must be sent by certified mail to the deed of trust beneficiary at the beneficiary's last known address. *M & P Enterprises, Inc. v. Transamerica Financial Services,* 944 S.W.2d 154, 157 (Mo. banc 1997). The notice provisions of section 140.405 are mandatory and failure to follow them results in the purchaser losing its interest in the property. *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d 273, 276–77 (Mo.App. E.D.2006).

Glasgow did not send notice to the deed of trust beneficiary. The third full sentence of the deed of trust document reads that its beneficiary is "FRIEDA KUSHER, Trustee of [the Trust], whose address is 11172 Cricket Hill Drive, St. Louis, Missouri 63146...." Glasgow sent a letter of notice to that address, but not to Frieda Kusher. Instead, it was addressed to her trustee and the deed of trust's trustee, Philip A. Kaiser. This notice does not satisfy the statutory requirement that notice to a deed of trust holder be sent to the *beneficiary* at the beneficiary's last known address. *See* section 140.405.

Glasgow argues that it alternatively fulfilled section 140.405's requirement by sending notice to "Theodore S. & Ann M. Thomas, 12162 Lake Meade Dr., St. Louis, MO 63146." Glasgow contends that this mailing satisfied the statute because it complied with the deed of trust's directive to: "SEND TAX NOTICES TO: Ann Kusher Thomas and Theodore Thomas[;] 12162 Lake Meade Drive[;] St. Louis, MO 63146." We do not agree that this satisfied section 140.405. Glasgow does not present and our review does not reveal any authority supporting the proposition that section 140.405's right of redemption notice requirements for deed of trust holders

---

**2.** *Hawkins* addressed Sec. 11179 RSMo 1939, which mirrors the language of section 140.600.

**3.** All references to section 140.405 are to RSMo Supp.2006.

can be fulfilled by sending notice to the party listed on the deed of trust as designated to receive "tax notices." This is particularly true where the same page of the same document provides the name and address of the deed of trust's beneficiary. Point denied.

Section 140.405 requires notice to be sent to the publicly recorded deed of trust holder and the entity "who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale" at their last known addresses. Because the statute requires notice to both parties, we need not address whether Glasgow adequately notified Ann.

### III. CONCLUSION

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, J., concurs with J. NORTON.

KENNETH M. ROMINES, J., dissents in separate opinion.

KENNETH M. ROMINES, Judge, dissenting.

I dissent. The tax sale statutes are a Code unto themselves. In this case tender was not pled. Such failure is fatal. *Hawkins v. Heagerty,* 348 Mo. 914, 156 S.W.2d 642 (1941).

Additionally, the failure to read what you are sent pursuant to statute is not a defense.

This cause should be reversed for entry of judgment for Glasgow.