

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| JD WEALTH LLC, | ) | No. ED111572 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Dean P. Waldemer |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| ND, ET AL., | ) | |
| | ) | |
| Appellant. | ) | FILED: December 19, 2023 |

### Introduction

This appeal addresses rights of parties in tax foreclosure sales on property located in St. Louis County, Missouri—in particular, the conflicting rights of persons having an interest in the tax-foreclosed properties and the rights of those persons purchasing the properties at the tax foreclosure sale.

U.S. Bank National Association, ND ("U.S. Bank") appeals from the trial court's judgment quieting title in the subject property ("Property") in favor of JD Wealth LLC ("JD Wealth") following a tax foreclosure sale. U.S. Bank was the lender on a Deed of Trust whose lien on the Property was extinguished in a quiet-title action after JD Wealth purchased the Property at a tax foreclosure sale. U.S. Bank raises three points on appeal. First, U.S. Bank argues the trial court erred in quieting title in favor of JD Wealth because the tax sale was invalid in that the St. Louis County Collector of Revenue ("Collector") did not provide due-process

notice of the tax sale to U.S. Bank or to the trustee on the Deed of Trust, U.S. Bank Trust Company, National Association ("U.S. Bank Trustee"). U.S Bank next contends the trial court erred in quieting title because JD Wealth failed to provide Section 140.405[1] right-of-redemption notice to U.S. Bank Trustee, the trustee named on the Deed of Trust. Lastly, U.S. Bank maintains the trial court erred by misapplying Section 140.330 in permitting JD Wealth to dismiss U.S. Bank Trustee as a defendant because U.S. Bank Trustee was a necessary party to the quiet-title action.

Because the lender and beneficiary on a deed of trust is the entity holding a security interest in the property, not the trustee, JD Wealth was not required to provide Section 140.405 right-of-redemption notice to U.S. Bank Trustee. Moreover, U.S. Bank Trustee's only role was to forward the notice to U.S. Bank, and U.S. Bank stipulated that it received the right-of-redemption notice directly from JD Wealth. Therefore, the trial court properly found that JD Wealth's failure to send the right-of-redemption notice to U.S. Bank Trustee did not adversely impact U.S. Bank's redemption rights. Accordingly, the trial court did not err in finding the tax sale valid and quieting title in favor of JD Wealth. Correspondingly, U.S. Bank Trustee was not a necessary party to the quiet-title action because U.S. Bank, the Deed of Trust beneficiary, was a party to the action. For that reason, the trial court did not err in permitting JD Wealth to dismiss U.S. Bank Trustee. Finally, we hold the tax sale was not invalidated by the Collector's alleged failure to send notice of the tax sale to U.S. Bank or U.S. Bank Trustee because such notice is not required by the Jones-Munger Act,[2] which requires only that the tax-sale purchaser send notice of the right to redeem before any lienholder's property rights are extinguished, and it is uncontroverted that U.S. Bank received the required due-process notice from JD Wealth

---

[1] All Section references are to RSMo (2016), unless otherwise indicated.
[2] The Jones-Munger Act refers to RSMo Chapter 140, Sections 140.011–.855 (2016).

2

the statutory redemption period. The trial court thus did not err in quieting title in favor of JD Wealth. Accordingly, we affirm the trial court's judgment.

## Factual and Procedural History

We present the facts in the light most favorable to the trial court's judgment.[3]

U.S. Bank was the holder of a Deed of Trust executed by the Former Owners of the Property in September 2009. The Deed of Trust identified the Former Owners as the Grantor and U.S. Bank as the Grantee. The Deed of Trust identified U.S Bank as the Lender and U.S. Bank Trustee as the Trustee. The Deed of Trust listed separate mailing addresses for U.S. Bank and U.S. Bank Trustee.

The Former Owners failed to pay property taxes, and the Collector conducted a tax sale on August 24, 2020, pursuant to the administrative procedures of the Jones-Munger Act governing tax foreclosures in St. Louis County. A representative for U.S. Bank ("U.S. Bank Representative") testified that U.S. Bank received no notice of the tax sale before it occurred. U.S. Bank maintains the Collector provided no notice of the tax sale to either U.S. Bank or U.S. Bank Trustee.

As the highest bidder at the tax sale, JD Wealth purchased the Property for $30,000 and received a tax certificate, entitling JD Wealth to acquire title to the Property if unredeemed by any other interest holders. Per its obligations under Section 140.405, JD Wealth conducted a title search and discovered several lienholders, including U.S. Bank. According to the parties' stipulated facts, JD Wealth mailed Section 140.405 redemption-right notices to U.S. Bank and other lienholders.

---

[3] See Sneil, LLC v. Tybe Learning Ctr., Inc., 370 S.W.3d 562, 566–67 (Mo. banc 2012) (internal citation omitted).

3

U.S. Bank timely received the notice of redemption rights for the Property from JD Wealth. But U.S. Bank mishandled the documentation internally such that notice was never forwarded to the proper department. As a result of its mishandling of the notice, U.S. Bank failed to redeem its interest in the Property.

JD Wealth did not provide notice of redemption rights to U.S. Bank Trustee. A representative from JD Wealth ("JD Wealth Representative") testified that JD Wealth attempted to give notice to U.S Bank Trustee but mistakenly sent the notice of redemption rights to the wrong address. When the mistake was brought to JD Wealth's attention at trial, the JD Wealth Representative stated that JD Wealth did not make a follow-up inquiry as to whether U.S. Bank Trustee received the notice of redemption rights because "the lender [U.S. Bank] received their copy [of the notice] so we felt that our duty was sufficiently met."

As required by statute, JD Wealth submitted an affidavit to the Collector attesting that it provided Section 140.405 notice of redemption rights to all parties entitled to such notice in the manner required by law. JD Wealth thereafter obtained and recorded a Collector's Deed for the Property.

On February 9, 2022, JD Wealth initiated the present action to quiet title in the Property as well as for ejectment. Initially, JD Wealth named U.S. Bank Trustee as a defendant and did not name U.S. Bank as a defendant. JD Wealth moved for default judgment against all defendants. Counsel for U.S. Bank and U.S. Bank Trustee entered appearance for both parties and filed a joint answer with the consent of JD Wealth. The trial court entered a default judgment against all defendants except U.S. Bank and U.S. Bank Trustee.

The case proceeded to a bench trial in January 2023. The day before trial, JD Wealth dismissed U.S. Bank Trustee and proceeded solely against U.S. Bank. At trial, the two parties

4

adduced evidence through exhibits, the testimony of their representatives, and stipulations reprising the aforementioned facts.[4] JD Wealth submitted its Collector's Deed as prima facie evidence of its superior interest in the Property. The U.S. Bank Representative testified that JD Wealth's failure to provide notice of redemption rights to U.S. Bank Trustee deprived U.S. Bank of the opportunity to receive notice of redemption rights from U.S Bank Trustee. The U.S. Bank Representative further testified that U.S. Bank relies on U.S. Bank Trustee to forward redemption notices in a manner that facilitates its redemption of tax-sale properties, thereby protecting U.S Bank from losing its interest in such properties. The U.S. Bank Representative acknowledged that U.S Bank could not speak for what U.S. Bank Trustee did or would have done in this scenario but that, in his experience, U.S. Bank Trustee typically forwards notices of summons, defaults, and redemption rights to U.S. Bank. The U.S. Bank Representative further testified that U.S. Bank did not receive any notice from the Collector prior to the tax sale occurring. The U.S. Bank Representative acknowledged that JD Wealth plays no part in when or if U.S. Bank or U.S. Bank Trustee receives notice *prior to the tax sale*.

---

[4] The parties stipulated to the following summarized facts, alongside accompanying exhibits:
1. This case involves the Property.
2. The Collector conducts its annual real estate property tax sale on the fourth Monday in August.
3. The Collector sold the Property for unpaid taxes on August 24, 2020, at its annual tax sale.
4. JD Wealth submitted a bid for $30,000 and was the highest bidder.
5. JD Wealth received a Tax Sale Certificate of purchase for the Property on August 24, 2020.
6. Thereafter, JD Wealth conducted a title search of the Property whereby the Deed of Trust for the Property was discovered. The Deed of Trust identifies U.S. Bank as the *lender* and U.S. Bank Trustee as the *trustee*.
7. JD Wealth sent notice to U.S. Bank, the lender of redemption rights on June 5, 2021.
8. Said notice was received by U.S. Bank.
9. U.S. Bank did not redeem the Property.
10. JD Wealth did not send notice to U.S. Bank Trustee, the trustee, of Section 140.405 redemption rights.
11. JD Wealth submitted an affidavit and supporting documents requesting a Collector's Deed for the Property to the Collector. The Affidavit was signed on October 13, 2021.
12. JD Wealth received a Collector's Deed for Taxes. The Collector's Deed was thereafter recorded with the St. Louis County Recorder of Deeds with a recording date of November 4, 2021.
13. On February 9, 2022, JD Wealth filed its Petition to Quiet Title pursuant to Collector's Deed for Taxes and For Ejectment.
14. On June 23, 2022, the Court entered default judgment against other defendants.
15. At that time, the Court did not enter judgment against either U.S. Bank Trustee or U.S. Bank.

Following trial, the trial court entered judgment quieting title in the Property in favor of JD Wealth. The trial court found that the facts conclusively showed U.S. Bank received notice of its right of redemption from JD Wealth but failed to exercise that right within the statutory period. The trial court further found no evidence was adduced indicating what role or interest, if any, U.S. Bank Trustee would have in the tax-sale proceeding other than forwarding the statutory notice of redemption to U.S. Bank, which had already received such notice directly from JD Wealth. In quieting title in favor of JD Wealth, the trial court concluded that neither U.S. Bank nor U.S. Bank Trustee had any right, title, lien, or interest in the Property. U.S. Bank now appeals.

## Points on Appeal

U.S. Bank raises three points on appeal. Point One asserts the trial court erred in quieting title in the Property in favor of JD Wealth because the tax foreclosure sale was invalid in that the Collector did not provide notice of the sale to U.S. Bank or U.S. Bank Trustee, resulting in a violation of U.S. Bank's constitutional due-process rights. Point Two argues the trial court erred in quieting title in favor of JD Wealth by misapplying the law as to unclaimed certified mail. Specifically, US Bank maintains that JD Wealth failed to provide the requisite statutory notice of its purchase of the Property under Section 140.405 to U.S. Bank Trustee, which was listed as Trustee on the Deed of Trust, and that such failure invalidated the foreclosure sale and voided the Collector's Deed. Point Three posits the trial court erred in quieting title in favor of JD Wealth by misapplying the law with respect to JD Wealth's dismissal of U.S. Bank Trustee as a defendant because quiet-title actions under Section 140.330 require naming all parties claiming an interest in the property or appearing on the record to have an interest in the Property, which included U.S. Bank Trustee, who was named on the Deed of Trust.

6

## Standard of Review

We review a trial court's judgment following a bench trial under the standard set forth in Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). See Sneil, LLC v. Tybe Learning Ctr., Inc., 370 S.W.3d 562, 566–67 (Mo. banc 2012) (internal quotation omitted). We "will affirm the judgment of the [trial] court unless it misapplied or erroneously declared the law, or the judgment is not supported by substantial evidence, or the judgment is against the weight of the evidence." Id. (internal quotation omitted). We defer to the factual findings of the trial court, which is free to disbelieve even uncontradicted evidence of the party bearing the burden of proof on an issue. See id. (internal quotations omitted). We review questions of law de novo. Eclipse Prop. Dev. LLC v. Ammari, 635 S.W.3d 205, 212 (Mo. App. E.D. 2021) (internal quotation omitted).

## Discussion

### I. Point Two—Notice of Lienholder's Right to Redeem under Section 140.405

The obligations of purchasers at a tax sale in St. Louis County are defined within Section 140.405 and relate significantly to the rights of owners, lienholders, and other interested parties to redeem properties purchased at the Collector's tax sale. Because the notice of redemption rights at issue in Section 140.405 and argued in Point Two impacts each point on appeal, we address Point Two first.

In Point Two, U.S. Bank maintains JD Wealth's failure to send Section 140.405 right-of-redemption notice to U.S. Bank Trustee invalidated the tax sale and voided the Collector's Deed.

The Jones-Munger Act (the "Act"), RSMo Chapter 140, has governed sales of tax-delinquent properties in non-charter counties in Missouri since 1935. York v. Horner, 564 S.W.3d 641, 644 (Mo. App. E.D. 2018). The Act authorizes the county collector to sell property for which taxes are delinquent for three consecutive years. Id. (internal citation omitted). The

7

purchaser of such property receives a certificate of purchase; however, the land is not immediately conveyed to the purchaser. Id. at 644–45 (internal citation omitted). "Rather, the sale of the property triggers a redemption period, under which 'the owner; lienholder; or occupant of any land or lot sold for taxes, or any other persons having an interest therein,' has the right to redeem such interest[.]" Id. (quoting Section 140.340.1). Redemption requires "paying 'the reasonable and customary costs of sale,' consisting of the purchase price and other costs associated with the sale." Id. (quoting Section 140.340.2).

Section 140.405 governs the mandatory notice requirements during the redemption period. Specifically, "Section 140.405 sets forth the requirements with which a purchaser of property sold under a third-offering delinquent land tax auction must comply in order to procure a collector's deed." Eclipse, 635 S.W.3d at 217 (internal quotation omitted). The statute provides:

> At least ninety days prior to the date when a purchaser is authorized to acquire the [Collector's] deed, the purchaser shall notify the owner of record and *any person who holds a publicly recorded unreleased deed of trust, mortgage, lease, lien, judgment, or any other publicly recorded claim upon that real estate* of such person's right to redeem the property.

Section 140.405.2 (emphasis added).

If no party redeems the property within the redemption period, then the county collector issues a collector's deed, conveying the property as "an absolute estate in fee simple[.]" York, 564 S.W.3d at 645 (quoting Section 140.420). In other words, the title conveys to the purchaser free and clear, and all inferior liens are extinguished. See Eclipse, 635 S.W.3d at 218 (internal citations omitted). The purchaser may then file an action to quiet title in the property and must add as defendants "all parties who have, or claim to have, or appear of record in the county where such land or lot is situated, to have any interest in, or lien upon, such lands or lots[.]"

8

Section 140.330.1. Once a trial court has quieted the purchaser's title in the property, then "no outstanding unrecorded deed, mortgage, lease or claim shall be of any effect as against the title or right of the [purchaser] as fixed and declared by the decree made in such cause." Id. Critically, "[t]he failure to comply with the [Section] 140.405 notice requirements by the purchaser at a delinquent tax sale will result in the loss of all interest in the real property as a matter of law." Sneil, LLC, 370 S.W.3d at 568 (citing Harpagon MO, LLC v. Bosch, 370 S.W.3d 579, 583 (Mo. banc 2012)).

Here, U.S. Bank premises its argument on the fact that the tax-sale purchaser, JD Wealth, sent the Section 140.405 right-of-redemption notice to U.S. Bank but did not send that notice to U.S. Bank Trustee. The Deed of Trust, executed by the Former Owners, granted a security interest in the Property to U.S. Bank. The Deed of Trust identified U.S. Bank as the lender and U.S. Bank Trustee as the trustee. It is undisputed that U.S. Bank, as the holder and beneficiary of the Deed of Trust, had an interest in the Property subject to Section 140.405 notice requirements. U.S. Bank maintains that the Deed of Trust also gave U.S. Bank Trustee an interest in the Property subject to Section 140.405 notice requirements. U.S. Bank further alleges that JD Wealth's failure to send notice to U.S. Bank Trustee harmed U.S. Bank because U.S. Bank Trustee would have forwarded the notice to it, thereby giving U.S. Bank the opportunity to redeem and avoid losing its interest in the Property. Therefore, U.S. Bank posits that JD Wealth's failure to comply with Section 140.405 by not sending notice to U.S. Bank Trustee rendered the tax-sale purchase invalid. Specifically, U.S. Bank argues JD Wealth was not entitled to receive the Collector's Deed or, in turn, quiet title in the Property due to its failure to send Section 140.405 notice to *all* requisite parties.

9

U.S. Bank's claim fails for two reasons. First, JD Wealth was not required to notify U.S. Bank Trustee. Second, it is a stipulated and uncontroverted fact that U.S. Bank received actual notice of its right to redemption from JD Wealth, thereby undermining any argument predicated on deficient notice. We address each issue in turn.

A.      U.S. Bank Trustee Was Not the Holder of the Deed of Trust

Properly analyzing the first issue requires understanding the Deed of Trust and the roles played by the participating parties. "A deed of trust is a form of mortgage consisting of an instrument that uses an interest in real property as a security for performance of an obligation." Cent. Bank of Kansas City v. Perry, 427 S.W.3d 285, 288 (Mo. App. W.D. 2014) (quoting Bob DeGeorge Assocs., Inc. v. Hawthorn Bank, 377 S.W.3d 592, 597 (Mo. banc 2012)). "In Missouri, we have chosen deeds of trust over mortgages as the preferred method of securing debt with land" largely because "deeds of trust are more efficient in that they do not require the delays and expenses of judicial foreclosure." Fed. Nat'l Mortg. Ass'n v. Bostwick, 414 S.W.3d 521, 526 n.3 (Mo. App. W.D. 2013) (internal citation omitted); see also Section 443.290 (providing for the power of sale as a means of non-judicial foreclosure).

"A deed of trust is a conveyance from the landowner (the 'grantor' or 'mortgagor') to a trustee, for the limited purpose of securing an obligation owing to the beneficiary of the trust (the 'mortgagee')." US Bank Nat'l Ass'n v. Cox, 341 S.W.3d 846, 854 (Mo. App. W.D. 2011) (internal quotation omitted). "Though differing in form from a mortgage, it is essentially a security." Priesmeyer v. Shelter Mut. Ins. Co., 995 S.W.2d 41, 44 n.1 (Mo. Ap. W.D. 1999) (internal quotation omitted). "[U]nder the traditional language used in deeds of trust, the trustee is invested with legal title so that a tenancy is created in the mortgagor." Bobbitt v. Ogg, 731 S.W.2d 258, 260 (Mo. App. W.D. 1987). However, "[a] deed of trust in the nature of a mortgage

10

given on land to secure the payment of a debt is held to be a lien and nothing more . . . . It is merely the right to have the debt, if not otherwise paid, satisfied out of the land." Cent. Bank of Kansas City, 427 S.W.3d at 288 (internal quotation omitted) (omission in original). Indeed, *"[d]espite language in a deed of trust purporting to transfer title to the trustee, execution of a deed of trust only creates a lien."* M & P Enters., Inc. v. Transamerica Fin. Servs., 944 S.W.2d 154, 164 (Mo. banc 1997). "It has been repeatedly held that a deed of trust is merely a security for a debt under which the holder of the fee simple title continues as owner of the land." Id. (internal citations omitted).

The role of the trustee on a deed of trust is presumptively a neutral one, as a trustee has duties to both the grantor/mortgagor and the grantee/mortgagee. See Sparks v. PNC Bank, 400 S.W.3d 454, 458 (Mo. App. E.D. 2013) (internal citation omitted). The trustee must adhere to the security instrument's terms and exercise "an equal duty of fairness and impartiality to both parties when accepting the direction by the mortgagee to sell the property." Id. (internal citation omitted); Sherwood v. Saxton, 63 Mo. 78, 82 (Mo. 1876) (internal citation omitted) (noting "[t]he trustee in a deed of trust . . . is the agent of both parties, debtor and creditor, and his duties should be performed with the strictest impartiality and integrity").

Under fundamental principles dating back over a century in Missouri jurisprudence, the trustee has no real interest in the secured property for itself, but instead is an agent of the mortgagee with the power—often subject to the discretion of the mortgagee—to foreclose on the property in the event that the mortgagor defaults on payment.[5] A. & R. Realty Co. v. Nw. Mut. Life Ins. Co., 95 F.2d 703, 707 (8th Cir. 1938) (citing Missouri Real Estate & Loan Co. v. Gibson, 220 S.W. 675, 676 (Mo. 1920); Springfield ex rel. Trust Co. v. Ransdell, 264 S.W. 771,

---

[5] We note the sale here was the result of a tax foreclosure and not a foreclosure on the Deed of Trust.

11

773 (Mo. 1924)) (applying Missouri law) ("Under the laws of Missouri, a trustee in such a deed of trust takes no title or estate and has no real interest in the property covered by it."). The mortgagee on the deed of trust "possesses a substantial property interest that is significantly affected by the tax sale." Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 (1983). Contrastingly, the trustee on a deed of trust "is a mere agent or instrumentality of the mortgagor and the mortgagee . . . [with] no authority except to sell the property, upon request, to the best possible advantage of his principals." A. & R. Realty, 95 F.2d at 707 (citing Sherwood, 63 Mo. at 82) (additional citation omitted); see also Chas. Green Real Estate Co. v. St. Louis Mut. House Bldg. Co. No. 3, 93 S.W. 1111, 1114 (1906) (noting the trustee on a deed of trust has "no authority to do other than to sell the property to the best advantage of the owner of the debt and the debtor, alike"); Stafford v. Fizer, 82 Mo. 393, 398 (1884) (noting a trustee in a deed of trust has "no other power or right over the land beyond the mere power of sale").

On the Deed of Trust in this case, the grantor/mortgagor was the Former Owners, the grantee/mortgagee was U.S. Bank, and the trustee was U.S. Bank Trustee. U.S. Bank was the holder and beneficiary of the Deed of Trust. In the event of default, U.S. Bank Trustee had the power of sale subject to U.S Bank's request. Because U.S. Bank Trustee was *not the holder of the Deed of Trust* and had no claim on the Property beyond the power of sale to enforce the debt at the direction of the holder, we are not persuaded by U.S. Bank's argument that Section 140.405 required notifying U.S. Bank Trustee. See A. & R. Realty, 95 F.2d at 707 (internal citations omitted).

We look to the plain language of the statute. See Harpagon MO, LLC, 370 S.W.3d at 583 (internal quotation omitted). Critically, Section 140.405.2 requires a purchaser at a tax sale to notify the *holders* of publicly recorded deeds of trusts, mortgages, leases, liens, judgments, or

12

of any other publicly recorded claims on the property of those holders' right to redeem the property. Here, the only publicly recorded claim at issue was the Deed of Trust, and its holder was U.S. Bank. U.S. Bank correctly notes that a tax-sale purchaser's failure to send a right-of-redemption notice *to the holder of a publicly recorded deed of trust* results in the purchaser losing their interest in property. See Sneil, LLC, 370 S.W.3d at 568 (citing Harpagon MO, LLC, 370 S.W.3d at 583); Glasgow Enters., Inc. v. Kusher, 231 S.W.3d 201, 204 (Mo. App. E.D. 2007) (internal citation omitted). Here, U.S. Bank was the holder and beneficiary of the Deed of Trust—not U.S. Bank Trustee—thus Section 140.405 notice requirements applied to U.S. Bank and not to U.S. Bank Trustee. See Section 140.405.2. The recorded claim represented by the Deed of Trust was the mortgage lien held by U.S. Bank, which only U.S. Bank could redeem. See A. & R. Realty, 95 F.2d at 707 (internal citations omitted); see also Section 140.340.[6] Because U.S. Bank Trustee was not the holder or beneficiary of the Deed of Trust, JD Wealth's lack of notice to U.S. Bank Trustee did not amount to failure to notify all statutorily required parties. See Section 140.405.2; Sneil, LLC, 370 S.W.3d at 568 (citing Harpagon MO, LLC, 370 S.W.3d at 583).

---

[6] In its brief, U.S. Bank reasons that U.S. Bank Trustee had an insurable interest in the Property and thus had "an interest therein" under the redemption statute Section 140.340. U.S. Bank alleges that U.S. Bank Trustee was therefore necessarily owed notice under Section 140.405. We recognize the existence of judicial authority holding that a trustee on a deed of trust may establish having a pecuniary interest in the subject property. See Sander v. Mid-Continent Ins. Co., 514 S.W.2d 634, 637 (Mo. App. 1974) (finding in a fire insurance policy dispute in which the trustee on a deed of trust was listed as a policy beneficiary that the trustee had an insurable interest in the property because the trustee demonstrated an interest in the preservation of the property for the purpose of securing payment of the deed-of-trust holder's lien). However, the record before us contains no evidence of an insurance policy in which U.S. Bank Trustee was named as a loss payee to establish an insurable interest. Further, U.S. Bank's argument conflates the language of Sections 140.340 and 140.405. While the language of the redemption statute Section 140.340 is broader, including "any persons having an interest therein," the governing notice statute Section 140.405 only requires notifying entities *holding* a publicly recorded claim of that person's right to redeem the property. Because the facts clearly establish that U.S. Bank is the holder of the Deed of Trust with a redeemable lien interest, not U.S. Bank Trustee, we cannot find that the plain language of Section 140.405 required JD Wealth to notify U.S. Bank Trustee solely on the basis that it may have *some interest* related to the Property. See Harpagon MO, LLC, 370 S.W.3d at 583 (internal quotation omitted).

13

We acknowledge that CedarBridge, LLC v. Eason, 293 S.W.3d 462 (Mo. App. E.D. 2009), abrogated on other grounds by Harpagon MO, LLC, 370 S.W.3d 579 and Sneil, LLC, 370 S.W.3d 562, suggested that Section 140.405 notice should be sent to *all* parties named on a deed of trust. However, that observation was made in a sharply different context. There, the issue was whether the tax-sale purchaser complied with Section 140.405 by failing to notify *any* party named on the deed of trust, including the holder and beneficiary. CedarBridge, 293 S.W.3d at 466–67. CedarBridge concluded that the total lack of notice was statutorily noncompliant. Id. CedarBridge arrived at its conclusion by relying on Glasgow, which clarifies the key statutory requirement concerning deeds of trust: notice to the holder of the redeemable lien interest. See Glasgow, 231 S.W.3d at 204–05. Glasgow held that a tax-sale purchaser failed to comply with Section 140.405 when it notified the trustee listed on the deed of trust but not the holder and beneficiary. Id. This case presents the inverse facts. JD Wealth provided the requisite notice to U.S. Bank, the holder and beneficiary of the Deed of Trust, but JD Wealth did not notify the trustee, whom U.S. Bank alleges would have alerted it that its lien interest was at risk of being extinguished. U.S. Bank's reliance on CedarBridge and Glasgow is unavailing to invalidate the sale here because JD Wealth complied with the statute by directly notifying U.S. Bank. See id. Nothing in Glasglow stands for the proposition that Section 140.405 requires notice to all parties merely named on a deed of trust, nor that a purchaser fails to comply with the statute by notifying only the holder and beneficiary of the deed of trust and not the trustee. Being named on a recorded instrument does not guarantee having a redeemable interest in the property. See Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623–24 (Mo. App. E.D. 2009) (finding that appearing on record to have an interest in the property based on being named on the assignment of a deed of trust is not dispositive of having a cognizable interest in the property).

14

While we appreciate that a tax-sale purchaser could easily avoid the type of claim raised in this appeal by giving notice of the right of redemption to every party named on a deed of trust, the law establishes the minimum standards for compliance, not best practices.

U.S. Bank alternatively suggests that JD Wealth's admission that it unsuccessfully attempted to send notice to U.S Bank Trustee proves that such notice to the trustee was legally required under the statute. This suggestion is contrary to law. JD Wealth's actions are not determinative of the statutory requirements set by the legislature. See Eclipse, 635 S.W.3d at 215 (internal quotation omitted). U.S. Bank also maintains that we must look beyond the statutory requirements of Section 140.405 and consider the requirements of constitutional due process, as discussed in Schlereth v. Hardy, 280 S.W.3d 47 (Mo. banc 2009). Even if due process requires a purchaser to take additional reasonable steps to effectuate right-of-redemption notice in the event of unclaimed certified mail, U.S. Bank stipulated to having received the requisite notice. See id. at 52. And because U.S. Bank Trustee was not the holder of the Deed of Trust, any deficiency in JD Wealth's attempt to send notice to U.S. Bank Trustee was immaterial, as the following discussion will elaborate. See Section 140.405.2; Glasgow, 231 S.W.3d at 204–05.

B.     U.S. Bank Received Actual Notice under Section 140.405

U.S. Bank's claim that it was harmed by JD Wealth's failure to notify its trustee brings us to the second part of our analysis, in which we find U.S. Bank's actual knowledge of the tax sale is fatal to its claim of deficient notice.

"Notice to a deed of trust holder must be sent by certified mail to the deed of trust beneficiary at the beneficiary's last known address." Glasgow, 231 S.W.3d at 204 (citing M & P Enters., 944 S.W.2d at 157). Given that U.S. Bank undisputedly received notice from JD

15

Wealth, we, like the trial court, reject U.S. Bank's argument that JD Wealth's failure to notify its trustee impaired its right to redeem its interest in the Property. U.S. Bank testified that U.S. Bank Trustee's role was to forward notice to U.S. Bank. As trustee on the Deed of Trust, U.S. Bank Trustee could not redeem the Property. Based on U.S. Bank's testimony as well as the law as it pertains to deeds of trust and tax foreclosures, the trial court properly concluded that the sole purpose of giving notice to U.S. Bank Trustee would be for U.S. Bank Trustee to pass that notice on to U.S. Bank. Importantly, it is uncontested that U.S. Bank received actual written notice of its redemption rights directly from JD Wealth. Because U.S. Bank obtained actual knowledge of the tax sale, the trial court did not err in finding U.S. Bank's interests were not harmed by JD Wealth's failure to send notice to U.S. Bank Trustee. It is unfortunate for U.S. Bank that it mishandled the notice it received and failed to redeem its interest in the Property. However, that internal error is not the fault of JD Wealth, nor does it negate the validity of JD Wealth's Collector's Deed and its right to quiet title in the Property.

Because U.S Bank Trustee was not the holder of the Deed of Trust and U.S. Bank timely received notice of its right-of-redemption as the holder and beneficiary of the Deed of Trust, the trial court did not misapply the law in finding that JD Wealth complied with Section 140.405, validly acquired its Collector's Deed, and was entitled to quiet title in the Property. See Sneil, LLC, 370 S.W.3d at 566–67 (internal quotation omitted). Point Two is denied.

## II.    Point Three—Dismissal of Trustee from the Quiet-Title Action

U.S. Bank next contends the trial court erred by misapplying Section 140.330 in permitting JD Wealth to dismiss U.S. Bank Trustee from its quiet-title action.

After the redemption period expires and the tax-sale purchaser obtains a collector's deed, the tax-sale purchaser may file an action to quiet title in the property and must add as defendants "all parties who have, or claim to have, or appear of record . . . to have any interest in, or lien

16

upon, such land[.]" Section 140.330.1. "A claim to quiet title is 'a special statutory action to adjudge the respective estates, titles and interests of several claimants to land[.]'" Bray v. Wells Fargo Home Mortg., Inc., 654 S.W.3d 732, 742 (Mo. App. E.D. 2022) (internal quotation omitted). "While [Section 140.330] allows broad joinder of defendants, a named defendant will not prevail unless the defendant has at least some interest in the property." Bellistri, 284 S.W.3d at 622 (internal citation omitted). A party who lacks a cognizable interest in the property is not a proper defendant in a tax-sale purchaser's action to quiet-title in the property. See id. (internal citation omitted).[7]

Our holding in Point Two is dispositive. Because U.S. Bank Trustee was not the holder of the redeemable lien interest in the Property established by the Deed of Trust, it could be afforded no relief in the quiet-title action. Thus, JD Wealth was entitled to dismiss U.S. Bank Trustee prior to trial. See id. (internal citation omitted). JD Wealth originally named U.S. Bank Trustee as a defendant under the statute's "broad joinder of defendants[.]" See id. (internal citation omitted). JD Wealth only dismissed U.S. Bank Trustee after discovery, wherein the contents of the Deed of Trust made clear the respective rights of the parties. We recognize that Section 140.330.1 identifies all defendants "who have, *or claim to have*" an interest in the property. We note that U.S. Bank Trustee has not appealed from its dismissal from the action to quiet title or otherwise asserted any alleged rights by making a claim to the Property. Further, the record suggests that any claims made by U.S. Bank that its rights were prejudiced by U.S. Bank Trustee's dismissal were not made until after trial.

---

[7] In Bellistri, although the successor trustee was the recorded grantee on the assignment of a deed of trust, the trustee had no standing in the tax-sale purchaser's quiet-title action because it held no cognizable interest in the property. Bellistri, 284 S.W.3d at 623–24. Specifically, the assignment was ineffectual in that the deed of trust was split from the promissory note, and the assignment of a deed of trust separate from the note has no legal force and assigns no interest in the property. See id.

The history of judicial foreclosures in Missouri lends additional context and support to our holding. In cases determining which parties are necessary to foreclose on a deed of trust, trustees were not considered necessary parties.

> The trustee under such a deed of trust is not a necessary party to a foreclosure suit in the state courts of Missouri. . . . In this suit the mortgagor and the mortgagee, the real parties in interest, were before the court. The trustee had no real interest in the subject matter of the litigation and is not substantially affected by the decree. [The trustee] was neither a necessary nor an indispensable party.

A. & R. Realty, 95 F.2d at 707 (internal citations omitted).

Missouri courts reasoned that because a trustee on a deed of trust is an agent of the mortgagee and mortgagor with no self-interest in the secured property, its presence in a foreclosure suit between those two parties was superfluous. See id.; see also Casper v. Lee, 245 S.W.2d 132, 138 (Mo. banc 1952) (holding that the failure to join the trustee as a defendant in the debtor's suit to set aside the lender's judicial foreclosure on a deed of trust did not warrant reversal because joining the trustee was *permissible but not required* in that resolving a controversy between the lender and debtor as to the validity of the foreclosure sale would not affect any interest of the trustee). Relatedly, prior to the enactment of the administrative procedures in the Act for handling tax-delinquent properties, county collectors also conducted foreclosure suits. Eclipse, 635 S.W.3d at 217 (quoting McMullin v. Carter, 639 S.W.2d 815, 817–18 (Mo. banc 1982)). In such tax foreclosure suits, naming a deed-of-trust trustee as a defendant but not the beneficiary was held to be insufficient to curtail the sale from being subject to the beneficiary's right to redeem its lien interest. See, e.g., Stafford, 82 Mo. at 398 (internal citation omitted) (noting a trustee on a deed of trust is "a nominal trustee, for the sole purpose of making a sale under the powers conferred on him, . . . [and] not a competent party to foreclosure by suit without joining the beneficiary"). Notably, that reasoning is mirrored in the notification

18

statute discussed earlier, under which notifying the trustee of the beneficiary's redemption rights, but not notifying the beneficiary itself, is insufficient to comply with Section 140.405. See Glasgow, 231 S.W.3d at 204–05 (citing Section 140.405). These same legal principles underlie our interpretation and application of Section 140.330.1, because a quiet-title suit under the Act is intended to resolve all outstanding claims by those who had redeemable interests. In particular, the judicial foreclosure caselaw underscores the necessity of including the *beneficiary* of a deed of trust in a quiet-title action following a tax foreclosure sale, because the beneficiary is the party who actually held the redeemable lien interest in the property. By comparison, naming the trustee as a defendant alongside the beneficiary is not erroneous but also not necessary.[8] See Stafford, 82 Mo. at 398 (internal citation omitted). Accordingly, the trial court did not err by allowing JD Wealth to proceed against the true party in interest, U.S. Bank. See id.; see also Bellistri, 284 S.W.3d at 622 (internal citation omitted); A. & R. Realty, 95 F.2d at 707 (internal citations omitted).

Because U.S. Bank Trustee was not the holder of the mortgage lien interest nor a necessary defendant to resolve the property claim dispute between JD Wealth and U.S. Bank, the trial court did not err by misapplying Section 140.330.1 in permitting JD Wealth to dismiss U.S. Bank Trustee from the quiet-title action. See Sneil, LLC, 370 S.W.3d at 566–67 (internal quotation omitted). Point Three is denied.

---

[8] U.S. Bank also argues that U.S. Bank Trustee had an insurable interest as a basis for finding U.S. Bank Trustee was a necessary party to the quiet-title action. However, we again note that this claim relies on insurance evidence not presented in the record on appeal. Further, any alleged claims by U.S. Bank Trustee of a property interest arising out of the Deed of Trust remain derivative of the mortgage lien interest of the principal and beneficiary, U.S. Bank, who is already represented in the suit. See Stafford, 82. Mo. at 398.

## III. Due-Process Notice to Lienholders under the Act—Point One

In this point relied on, U.S. Bank asserts the tax sale conducted by the Collector was invalid because the Collector did not give individual due-process notice to either U.S. Bank or U.S. Bank Trustee. For this reason, U.S. Bank reasons that JD Wealth could not quiet title in the Property, notwithstanding the Collector giving the lesser notice required of Section 140.170. JD Wealth correctly notes that individual notice of the tax sale is not required by Section 140.170, which permits the Collector to give notice to lienholders via publication. Further, JD Wealth posits that the constitutional due-process requirements of individual notice is otherwise provided to lienholders within the redemption period under Section 140.405. JD Wealth additionally argues that U.S. Bank failed to overcome JD Wealth's prima facie evidence of holding good title through the Collector's Deed's because U.S. Bank did not adduce sufficient evidence relating to the notice provided by the Collector in connection with the tax sale, or lack thereof.

We first note that U.S. Bank does not frame Point One as a direct challenge to the constitutionality of Section 140.170, which U.S Bank acknowledges contains *no* requirement that the Collector provide individually-mailed notice of an impending tax sale to those with a publicly recorded interest in the tax-delinquent property. See Section 140.170 (requiring only that the county collector publish a delinquent land list in order to notify lienholders); Inv. Corp. of Virginias, Inc. v. Acquaviva, 302 S.W.3d 195, 199 (Mo. App. E.D. 2009) (noting the Act "requires a collector to provide notice of an upcoming tax sale by publication . . . [and] does not place any duty on a collector to provide an interested party with any other type of pre-sale notice"). Instead, U.S. Bank contends that although not required by the Act, individual notice to lienholders by the Collector is nonetheless required to meet the requirements of constitutional due process.

20

"The due process clauses of the United States and Missouri constitutions prohibit the taking of life, liberty, or property without due process of law." Black River Motel, LLC v. Patriots Bank, 669 S.W.3d 116, 123 (Mo. banc 2023) (citing U.S. Const. amend. XIV, sec. 1; Mo. Const. art. I, sec. 10). Due process requires both notice and the opportunity to be heard. Id. (internal quotation omitted). For notice to comport with due process, it must be "reasonably calculated" to reach the individual whose rights are affected. Conseco Fin. Servicing Corp. v. Missouri Dep't of Revenue, 195 S.W.3d 410, 416 (Mo. banc 2006) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "[D]ue process is flexible and calls for such procedural requirements as the particular situation demands." St. Louis Ass'n of Realtors v. City of Florissant, 632 S.W.3d 414, 426 (Mo. App. E.D. 2021) (quoting State ex rel. Nixon v. Peterson, 253 S.W.3d 77, 82 (Mo. banc 2008)). "To determine what process is due in a particular case, a court determines whether the [party] was deprived of a property or liberty interest and, if so, whether the procedures followed were sufficient to satisfy constitutional due process requirements." Nixon, 253 S.W.3d at 82 (internal citation omitted).

A.      U.S. Bank's Evidentiary Burden

JD Wealth initially suggests that we may deny U.S. Bank's claim on evidentiary grounds alone. Specifically, JD Wealth contends that *assuming arguendo the Collector needed to provide due-process notice,* U.S. Bank did not present sufficient evidence of the notice procedures utilized by the Collector with regard to the tax sale at issue and therefore cannot succeed on its claim that constitutional due-process requirements were not met. See id.

At trial, JD Wealth produced a Collector's Deed in support of quieting title in the Property. "Section 140.460 states that a collector's deed 'shall be . . . prima facie evidence of a good and valid title in fee simple in the grantee of said deed[.]'" York, 564 S.W.3d at 645 (quoting Section 140.460.2). When a Collector's Deed is introduced as prima facie evidence of

21

good title, the party challenging the deed has the burden to prove its invalidity. Id. (quoting Trailwoods Homeowners' Ass'n v. Scott, 938 S.W.2d 669, 670 (Mo. App. E.D. 1997)); see also Eclipse, 635 S.W.3d at 218 (internal citation omitted). Thus, once JD Wealth introduced the Collector's Deed into evidence, the burden shifted to U.S. Bank to disprove the validity of the deed, such as by showing the tax sale was invalid due to deficient notice. See York, 564 S.W.3d at 645 (quoting Trailwoods, 938 S.W.2d at 670). To show a government actor gave insufficient due-process notice and should have taken additional reasonable steps to effectuate notice, a party must adduce evidence that the notice given was not reasonably calculated to apprise that party of the tax sale. In re Foreclosures of Liens for Delinquent Land Taxes by Action in rem Collector of Revenue v. Bhatti, 334 S.W.3d 444, 448–49 (Mo. banc 2011) (citing Jones v. Flowers, 547 U.S. 220, 226 (2006)); see also Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15 (1976) (noting the party raising a challenge on due-process grounds bears the burden to prove a violation occurred). "With hundreds of properties subject to tax lien foreclosure . . . notions of due process and statutory law do not require the sheriff [or other government actor] to take any further steps to find property owners absent knowledge that notice was not received." Bhatti, 334 S.W.3d at 451 (finding no due process violation occurred in a City of St. Louis tax sale where the party challenging the sale offered no evidence that the sheriff's notice was not reasonably calculated to apprise him of the tax sale).

The record supports finding that U.S. Bank failed to meet its evidentiary burden that the Collector gave insufficient due-process notice to itself or to U.S. Bank Trustee such that the Collector should have taken additional reasonable steps to effectuate notice. See id. Although U.S. Bank charges the Collector with a failure to exercise due process, the Collector was not made a party to the suit. U.S. Bank's sole evidence that it was denied due-process is its

testimony that it did not receive notice of the impending tax sale from the Collector. See Sneil, LLC, 370 S.W.3d at 567 (internal quotations omitted) (noting we defer to the factual findings and credibility determinations of the trial court, which is free disbelieve even uncontradicted evidence of the party bearing the burden of proof on an issue). Critically, even had the trial court found U.S. Bank's testimony credible that it received no notice, U.S. Bank's lack of receipt does not prove lack of due process. Schlereth, 280 S.W.3d at 52 (quoting Flowers, 547 U.S. at 226) ("[D]ue process does not require that a property owner receive *actual* notice before the government may take his property."). Thus, the mere lack of receipt by U.S. Bank, *absent other supporting evidence,* such as a return of service or a statement from the Collector, is not sufficient to invalidate the tax sale or the Collector's Deed. See York, 564 S.W.3d at 647 (finding the party challenging the collector's deed failed to adduce evidence that the collector did not give proper publication notice of the sale); see also Bhatti, 334 S.W.3d at 450, 450 n.11 (declining to consider evidence submitted on appeal that the sheriff's tax-sale notice was returned to sender because the appellant failed to present that evidence to the trial court). Therefore, assuming arguendo the Collector was required to provide U.S. Bank or U.S. Bank Trustee with individual notice of the impending tax sale to meet due-process requirements, U.S. Bank has not demonstrated what notice procedure was utilized by the Collector or that the Collector's procedure with regard to the Property was insufficient. See Nixon, 253 S.W.3d at 82 (internal citation omitted).

B.     Due-Process Notice to Lienholders under the Act

Notwithstanding the burden-of-proof issue, we recognize the practical reality that the statutory requirement of the Act requires only that the Collector publish notice of impending tax-sale properties for lienholders. The lack of any further statutory notice requirement makes it extremely unlikely that the Collector mailed individual notices of impending tax sales to the

23

lienholders in this case, including U.S. Bank. For that reason, we find it necessary to address U.S. Bank's argument that individual notice by the Collector to lienholders is required as a matter of due process.

"The resolution of due process challenges depends on the particular interests at stake, and the particular procedures afforded, under a specific statute[.]" Donaldson v. Mo. State Bd. Reg. for Healing Arts, 623 S.W.3d 152, 159 (Mo. App. W.D. 2020), transferred to Donaldson v. Mo. State Bd. Reg. for Healing Arts, 615 S.W.3d 57 (Mo. banc 2020). In determining whether notice by publication to a lienholder under Section 140.170 comports with constitutional due process, we must look to the entire Act. See Eclipse, 635 S.W.3d at 215 (internal quotation omitted) (noting "[t]he provisions of a legislative act must be construed and considered together"). When analyzing due-process requirements for lienholder notice under the Act as a whole, we agree that Section 140.170 requires the Collector give notice of impending tax sales only by publication before the sale. However, Section 140.405 further requires the tax-sale purchaser give individually mailed notice to lienholders during the redemption period for the tax-sale property, that is, *before the lien and any corresponding property right can be extinguished*. Those provisions, viewed together, ensure that a lienholder receives due-process notice before the deprivation of any property right, i.e., notice reasonably calculated to apprise the lienholder of its right to redeem the property and reverse the Collector's tax sale. See Sections 140.170, .405; Conseco, 195 S.W.3d at 416 (quoting Mullane, 339 U.S. at 314).

The legislative history of the Act is instructive. The Missouri Supreme Court explains that amending the Act *to add Section 140.405* was legislatively intended to "cure the constitutional defect" posed by notifying lienholders only by publication before their rights were

24

extinguished. M & P Enters., 944 S.W.2d at 157 (citing Mennonite, 462 U.S. at 798; Lohr v. Cobur Corp., 654 S.W.2d 883, 886 (Mo. banc 1983)).

> Rather than requiring county *collectors* to provide prior mailed notice to lienholders of record, the General Assembly required the *purchaser* of the property to conduct a title examination and mail post-sale notice to inform lienholders that they have a right to redeem the property. Apparently, *the General Assembly chose not to impose on the collectors of revenue the cost of providing notice*, which would include the cost of conducting a title examination on each property to be sold and the cost of mailing notice to all lien holders identified.

Id. (emphases added). Indeed, we concur with JD Wealth's reasoning that given the large number of tax-delinquent properties in St. Louis County, the amended Act sensibly and reasonably prevents duplicative notice provisions and avoids overburdening the Collector with the excessive costs and confusion of conducting a title search and sending written notice to every lienholder for every tax-delinquent property.

As explained at the beginning of this opinion, a Collector's tax sale under the Act *does not immediately convey the property* but only entitles the purchaser of the tax-delinquent property to a tax certificate. York, 564 S.W.3d at 644–45 (internal citation omitted). The tax certificate merely transfers the county's tax-lien interest to the purchaser. Title in the delinquent-tax property is not vested in the purchaser until the redemption period ends and the Collector issues the Collector's Deed and transfers title to the purchaser. See M & P Enters., 944 S.W.2d at 157 (internal citation omitted). During that redemption period, the purchaser must satisfy the mandatory Section 140.405 notice requirements. Failure to do so allows a party who failed to receive the requisite notice to invalidate the tax sale. See Sneil, LLC, 370 S.W.3d at 568 (citing Harpagon MO, LLC, 370 S.W.3d at 583). In this way, the Act's redemption period ensures that constitutional due-process notice is provided to lienholders before the subject property is

25

conveyed and before their liens are extinguished by the tax lien. See M & P Enters., 944 S.W.2d at 157.

The Act's redemption period for lienholders distinguishes this case from those cases upon which U.S. Bank relies—cases that address either different statutes, different interest holders, or both. For instance, U.S. Bank relies on cases involving tax sales in Jackson County, a charter county governed by Chapter 141 that currently has not elected to operate under Chapter 140, which is distinguishable from St. Louis County which is governed by Chapter 140. Chapter 141 does not give lienholders the post-sale redemption period afforded in the Act but instead extinguishes all lien interests at the time of the tax sale, thus making notice prior to the sale necessary. See Section 141.340; see, e.g., Collector of Revenue by & through the Dir. of Collections for Jackson Cnty. v. Parcels of Land Encumbered with Delinquent Land Tax Liens, 453 S.W.3d 746 (Mo. banc 2015). Similarly, U.S. Bank's reliance on Bhatti is distinguishable because the City of St. Louis's tax sales are governed by the Municipal Land Reutilization Law, RSMo Chapter 92. See Bhatti, 334 S.W.3d at 445.

Bhatti is further distinguishable because its due-process claim was raised by a property owner, not a lienholder. "[T]he lender is not the owner of the property" and lacks a present possessory interest. M & P Enters., 944 S.W.2d at 164. As earlier discussed, Missouri courts made clear that "execution of a deed of trust only creates a lien . . . under which the holder of the fee simple title continues as owner of the land." Id. (internal citations omitted). Here, prior to the tax sale, the Former Owners held fee simple title to the Property subject to U.S. Bank's lien. U.S. Bank had no present possessory interest but simply held a lien representing a security interest tied to the Property. See id. Missouri law has distinguished between the due-process notice owed to property owners versus the due-process notice owed to lienholders. See, e.g.,

26

Inv. Corp. of Virginias, Inc., 302 S.W.3d at 200 (finding that whether Section 140.405 relieves the Collector of the due-process requirement to give pre-sale notice to an *owner* was not answered by whether the statute provides a constitutionally adequate method of right-of-redemption notice to *lienholders*); see also Section 140.170 (requiring the Collector's notice-by-publication name all record owners but not all lienholders or other interest holders). Relatedly, U.S. Bank's reliance on Flowers and Schlereth is unavailing because both cases found due process requires additional reasonable steps *in the event that the mailed notice to the property owner is unclaimed.* See Flowers, 547 U.S. at 234; Schlereth, 280 S.W.3d at 52. As previously noted, those additional steps are needed only when the evidence shows the government had knowledge that notice to the owner was not received. Bhatti, 334 S.W.3d at 451. The Supreme Court explained that we "cannot impose new requirements when there has been no constitutional violation." Id. As determined in our discussion of the evidentiary issue, U.S. Bank cannot prevail in this case because it did not prove its constitutional rights were violated. See id.

In conclusion, we are not persuaded by U.S. Bank's attempt to impose a legal obligation on the Collector that is not found in the Act. Because the Act requires the tax-sale purchaser to individually identify and notify lienholders within the redemption period, we reject the argument that constitutional due process requires the Collector to provide notice to deed-of-trust lienholders or trustees for an impending tax sale beyond Section 140.170's required notice by publication. See Sections 140.170, .405; see Conseco, 195 S.W.3d at 416 (quoting Mullane, 339 U.S. at 314); M & P Enters., 944 S.W.2d at 164. If a sophisticated lienholder such as U.S. Bank desires notice sooner than the redemption period, it may certainly do so by reviewing the publications in which the Collector publishes the notice of tax-delinquent properties.

Our role in reviewing this point on appeal is to determine whether U.S. Bank was deprived of a property interest as a result of procedures that violated constitutional due process. See Nixon, 253 S.W.3d at 82 (internal citation omitted). Here, it is undisputed that U.S. Bank received due-process notice of the tax sale within the redemption period. U.S. Bank's receipt of individualized due-process notice from the purchaser as required under Section 140.405 is dispositive. See id. The trial court did not misapply Section 140.170 in finding U.S. Bank did not adduce sufficient evidence that the tax sale or Collector's Deed were invalid. See Sneil, LLC, 370 S.W.3d at 567 (internal quotation omitted). Accordingly, the trial court properly quieted title in the Property to JD Wealth. See id. Point One is denied.

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.